UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERRY GRAVELLE, | CASE NO. C13-1911JLR |
| Plaintiff, | ORDER |
| v. | |
| JUDY KIANDER, et al., | |
| Defendants. | |

Before the court is Defendants' Notice on Record of Plaintiff's Death ("Notice"). (Notice (Dkt. # 46).) The Notice indicates that Plaintiff Perry Gravelle's counsel advised Defendants' counsel on July 20, 2015, of Plaintiff's death. (*Id.* at 1.) The Notice also indicates that Plaintiff's counsel does not represent Plaintiff's estate or have contact information for a representative of the estate. (*Id.*) Defendants' counsel represents that they do not know whether Plaintiff's estate has a personal representative at this time. (*Id.*) As a result, although Defendants' Notice was served upon Plaintiff's counsel, it has

ORDER- 1

not yet been served upon any non-party successors or representatives of the decedent or his estate.

Federal Rule of Civil Procedure 25(a)(1) provides for the substitution of a proper party or dismissal in the event of a party's death. Fed. R. Civ. P. 25(a)(1). If a party dies and the claim is not extinguished,[1] the court must dismiss the action by or against the decedent unless a party or the decedent's successor or representative files a motion for substitution within 90 days of service of a notice of the party's death. *Id.* Rule 25(a)(3) provides as follows:

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(3). The Ninth Circuit has interpreted these provisions to provide for a two-step process to trigger the 90-day period. *Barlow v. Ground*, 39 F.3d 231, 233-34 (9th Cir. 1994). "First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* (citations omitted).

Here, Defendants' service upon Plaintiff's attorney alone is insufficient. Plaintiff's attorney's "agency to act cease[d] with the death of his client, . . . and he has no power to continue or terminate an action on his own initiative. Because the attorney is

---

[1] The determination of whether claims are extinguished for the purposes of substitution is generally controlled by the substantive law of the forum. *See Robertson v. Wegman*, 436 U.S. 584, 588-94 (1978).

ORDER- 2

neither a party, nor a legal successor or representative of the estate, he has no authority to move for substitution under Rule 25(a)(1), as the courts have repeatedly recognized." *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (citing authorities). The purpose of the Rule 25(a)(1) suggestion of death is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may take appropriate action to substitute into the lawsuit if they desire to preserve the decedent's claim. *See id.*; *see also Barlow*, 39 F.3d at 233 ("[T]he present Rule 25 was designed to inform all interested persons of the death so that they may take appropriate action.") (internal citations and quotations omitted). Thus, if possible, Defendants must serve the nonparty successors or representatives of the deceased party in the manner provided by Rule 4. *See id.*

Because it appears that the decedent's successors or representatives have not been served as required by Rule 25, the 90-day period within which a substitution motion may be made or the action will be dismissed has not been triggered yet. *See Barlow v. Ground*, 39 F.3d 231, 233-34 (9th Cir. 1994). Accordingly, the court ORDERS Defendants to serve the appropriate successor or representative of the decedent within 30 days of the date of this order and to file proof of such service with the court. However, if Defendants are unable to identify and/or locate the appropriate person or entity to serve within that time frame, then the court ORDERS Defendants to file a declaration within 30 days of the date of this order detailing and attesting to their efforts to do so and indicating whether they require additional time to complete the procedural steps and accomplish the goals of Rule 25.

1 In the meantime, the court DIRECTS the clerk to strike Defendants' motions for summary judgment (Dkt. ## 30, 31). The court cannot rule on these motions until after the procedures set forth in Rule 25 have run their course and been resolved. If appropriate, the court will permit Defendants to re-file and re-note their summary judgment motions for consideration without further briefing on one week's notice following resolution of the foregoing Rule 25 issues.

Dated this 22nd day of July, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 4