UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERRY GRAVELLE,<br><br>        Plaintiff,<br><br>v.<br><br>JUDY KIANDER, et al.,<br><br>        Defendants. | CASE NO. C13-1911JLR<br><br>ORDER REGARDING MOTION TO SUBSTITUTE PARTY AND FOR NEW CASE SCHEDULE |

## I.  INTRODUCTION

Before the court are: (1) Personal Representative Don Koler's Federal Rule of Civil Procedure 25(a) motion to substitute for deceased Plaintiff Perry Gravelle and for an enlargement of the deadline to do so under Federal Rule of Civil Procedure 6(b) (Mot. to Sub. (Dkt. # 65)); and (2) Mr. Koler's motion to reopen discovery and for a new case schedule (Mot. for Disc. (Dkt. # 63)).  The court has considered the motions, all related submissions from the parties, the balance of the record, and the applicable law.  Being

ORDER- 1

fully advised,[1] the court GRANTS Mr. Koler's Rule 25(a) and Rule 6(b) motion and GRANTS in part and DENIES in part Mr. Koler's motion to reopen discovery and for a new case schedule. As more fully discussed below, the court will permit additional discovery for a limited period of time, but only with regard to issues concerning Mr. Gravelle's death, the substitution of Mr. Koler in this suit, and the effect, if any, that these events have on damages.

## II. BACKGROUND

On July 21, 2015, Defendants Special Agents Judy Kiander and Samuel Huynh and the United States of America filed a "Notice on the Record of Plaintiff's Death." (Notice (Dkt. # 46).) In response to Defendants' notice concerning Mr. Gravelle's death and in accord with Federal Rule of Civil Procedure 25(a)(3), the court ordered Defendants to serve nonparty successors or representatives of the decedent in the manner provided by Federal Rule of Civil Procedure 4 and to file proof of such service with the court.[2] (7/22/15 Order (Dkt. # 47) at 2.) On July 31, 2015, Defendants served the notice on Donald Koler, who is the executor of Plaintiff's estate. (Gugin Decl. (Dkt. # 56) ¶ 3; Koler Cert. (Dkt. # 48).)

---

[1] No party has requested oral argument, and the court deems such argument to be unnecessary for its disposition of these motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court also directed the Clerk to strike Defendants' motions for summary judgment until such time as the Rule 25 issues in this proceeding were resolved. (7/22/15 Order (Dkt. # 47) at 4.)

ORDER- 2

On August 27, 2015, Mr. Koler, an attorney licensed to practice in Washington State, filed a motion to continue the September 21, 2015, trial date.[3] (Mot. to Cont. (Dkt. # 58).) Mr. Koler filed his motion without making an appearance as counsel of record.[4] Indeed, Mr. Koler indicated that he did not intend to appear as counsel of record for Mr. Gravelle's estate. (*See* Mot. to Cont. at 2 ("The executor . . . needs time to hire another attorney to represent Plaintiff in this lawsuit . . . .").) He also did not file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1) as a "pro se" party. (*See generally* Dkt.; *see also* Min. Order (Dkt. # 61) at 1 ("Mr. Koler has not filed a motion for substitution on behalf of Plaintiff's estate under . . . Rule . . . 25.").)

In response to Mr. Koler's motion, Defendants stated that they did not object to a continuance of the trial date or other pretrial deadlines. (Cont. Resp. (Dkt. # 60) at 1.) Indeed, the court concluded that continuing the trial date was a reasonable course of action because the 90-day period for a motion for substitution under Rule 25 would expire after the September 21, 2015, trial date. Accordingly, the court continued the trial date to "no earlier than November 18, 2015" and struck all remaining pretrial deadlines "pending the resolution of the Rule 25 issues identified in the court's July 22, 2015

---

[3] Mr. Koler requested a continuation of the trial date so that he could find another attorney to represent Mr. Gravelle's estate. (Mot. to Cont.(Dkt. # 58) at 2 ("The executor Donald Koler of Perry Gravelle [sic] estate, Plaintiff (deceased) needs time to hire another attorney to represent Plaintiff in this lawsuit and bring eth [sic] new attorney up to speed before trial."); *see also* Letter (Dkt. # 58-1) at 1.)

[4] Under Local Rule 83.2, "[a]n attorney eligible to appear may enter an appearance in a civil case by signing and filing a Notice of Appearance, complaint, amended complaint, answer, amended answer, Notice of Removal, motion to intervene, or motion for joinder on behalf of the party the attorney represents." Local Rules W.D. Wash. LCR 83.2(a). Mr. Koler filed none of these documents. (*See generally* Dkt.)

ORDER- 3

order." (Min. Ord. at 2 (citing 7/22/15 Order).)  Defendants, however, did expressly object to any "toll[ing of] the deadline for filing a motion to substitute, which runs from the date Mr. Koler was served [with the notice of death] on July 31, 2015." (Cont. Resp. at 2 (citing Koler Cert.).)  In response to Defendants' concerns, the court stated that "[n]o such motion [to toll the deadline for filing a Rule 25 motion for substitution] is before the court, and accordingly, no such extension is granted." (Min. Ord. at 2.)

On November 19, 2015, Mr. William Budigan filed a notice of appearance on behalf of "Petitioner." (Notice of App. (Dkt. # 62) at 1.)  He also filed a motion for a new case schedule and to reopen discovery on behalf of "Plaintiff through Personal Representative Don Kohler [sic]." (Mot. for Disc. at 1.)

On November 20, 2015, the court issued an order directing Mr. Koler to show cause why the court should not dismiss the case due to his failure to file a Rule 25(a) motion of substitution within 90 days following Defendants' service and Mr. Koler's receipt of Plaintiff's Notice of Death. (OSC (Dkt. # 64) at 5.)  In doing so, the court noted that neither Mr. Budigan's notice of appearance on behalf of "Petitioner" nor his motion for a new case schedule constituted a motion for substitution under Rule 25(a).  (*Id.* at 4-5.)  In any event, because Defendants served Mr. Koler with the notice of Plaintiff's death on July 31, 2015, the 90-day time period for Mr. Koler or his counsel to file a Rule 25 motion for substitution expired on October 29, 2015, which was 21 days prior to the filing of either document by Mr. Budigan. (*See id.* at 5.)

In response to the court's order to show cause, Mr. Koler filed a motion for substitution under Rule 25 on November 1, 2015. (*See* Mot. to Sub.)  He filed his motion

22 days after the October 29, 2015, deadline. (*See id.*) On December 1, 2015, Defendants filed their response to the court's order to show cause and Mr. Koler's motions. (Resp. (Dkt. # 71).) The court now considers Mr. Koler's motions.

### III.   ANALYSIS

The court first considers Mr. Koler's motion to substitute for the decedent under Rule 25(a) and for an extension of the Rule 25(a) 90-day time limit under Rule 6(b). Next, the court considers Mr. Koler's motion for an extension of the discovery cutoff and a new case schedule.

**A.  Rule 25(a) and Rule 6(b)**

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Although the language of the rule suggests that dismissal is mandatory if a motion for substitution is not filed within 90 days after service of the statement noting death, this is not how Rule 25 has been interpreted. Taking cues from the Advisory Committee Notes, courts generally interpret the time limits in Rule 25(a) as subject to extension pursuant to Rule 6(b).

The Advisory Committee Notes to Rule 25 state that the 90-day limit for filing a motion for substitution can be "extended pursuant to Rule 6(b)." Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment. The Advisory Committee Notes to Rule 6 confirm that the 90-day limit of Rule 25 is subject to extension under Rule 6(b)(1). *See*

Fed. R. Civ. P. 6 advisory committee's notes to 1963, subdivision (b). Rule 6(b)(2) contains certain exceptions regarding deadlines under the Rules that the court must not extend pursuant to Rule 6(b)(1). Fed. R. Civ. P. 6(b)(2). In 1963, Rule 6(b)(2) was amended to eliminate Rule 25 from this list of exceptions. *See id*. advisory committee's note to 1963 amendment, subdivision (b). The Advisory Committee Notes to Rule 6 regarding the 1963 amendment state that "[t]he prohibition against extending the time for taking action under Rule 25 . . . is eliminated," and "[i]t is intended that the court shall have discretion to enlarge that period." *Id*.

      The Ninth Circuit has not explicitly ruled on the issue. Nevertheless, despite the Rule 25(a)'s use of mandatory language, numerous courts have treated the dismissal of an action for failure to meet Rule 25(a)'s procedural requirements as discretionary and Rule 25(a)'s 90-day time limit as subject to a Rule 6(b) motion to enlarge. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) ("The history of Rule 25(a) . . . makes clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted."); *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974) ("A discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action."); *Liberty Life Ins. Co. v. Myers*, No. CV 10-2024-PHX-JAT, 2013 WL 593861, at *2 (D. Ariz. Feb. 11, 2013) ("Accordingly, '[a]lthough Rule 25 states that an action "must" be dismissed if a motion to substitute is not brought within ninety days, this has been held not to preclude a Rule 6(b) motion to enlarge this timeframe.'") (alteration in original)

(quoting *Williams v. Baron*, No. 2:03-CV-2044, 2009 WL 331371, at *2 (E.D. Cal. Feb. 10, 2009)).

Thus, this court considers whether Mr. Koler's failure to file a motion for substitution within the 90-day time period required under Rule 25(a) was the result of excusable neglect under Rule 6(b)(1)(B). *See Continental Bank*, 10 F.3d at 1297. Rule 6(b)(1)(B) states in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B). When assessing excusable neglect, the Ninth Circuit counsels that this court "must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp.*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). Ultimately, the decision is left to the discretion of the district court. *Id*.

With respect to the first factor, Defendants do not offer a compelling reason for the court to conclude that the 22-day delay in Mr. Koler's filing of his motion for substitution unduly prejudiced Defendants in this lawsuit. At best, Defendants assert that "had Mr. Koler acted promptly, the delay and impact upon the proceedings would have been minimized." (Resp. at 5.) This statement, however, is true anytime a party misses a deadline and files a motion to enlarge under Rule 6(b) and does not demonstrate the type of prejudice necessary for the court to dismiss Plaintiff's claim. Indeed, Defendants have

been aware since at least August 21, 2015, when Mr. Koler filed his motion to continue the trial date, that Mr. Koler likely intended to substitute as Plaintiff. Mr. Koler's motion to continue the trial date may not have been effective for purposes of substitution, but it nonetheless placed Defendants on notice of his intent and thus minimized any prejudice to them. For the same reasons, the court does not find that the second factor—length of Mr. Koler's 22-day delay and its impact on these proceedings—warrants dismissal under Rule 25(a). *See, e.g.*, *Foster ex rel. Foster v. Nat'l R.R. Passenger Corp.*, No. 2:07-cv-01493-MCE-KJM, 2008 WL 3863695, at *2 (E.D. Cal. Aug. 19, 2008) (finding that a two-month delay in filing a Rule 25(a) motion to substitute did not prejudice or negatively impact the proceedings); *Brown v. Mt. Grant Gen. Hosp.*, No. 3:12-CV-00461-LRH-WGC, 2013 WL 4523488, at *11 (D. Nev. Aug. 26, 2013) (finding that a 35-day delay in filing a Rule 25(a) motion did not prejudice the defendants or the judicial proceedings where the defendants themselves filed the suggestion of death and "they surely expected Plaintiffs to file the Motion to Substitute").

The third factor the court considers is the reasons for Mr. Koler's delay. Mr. Koler and his attorney generally blame Defendants for their failure to file a timely Rule 25(a) motion to substitute because Defendants did not advise them of the time limits contained in Rule 25(a) or the potential consequences of failing to timely file a motion to substitute. (*See generally* Mot. to Sub.; Reply (Dkt. # 75).) Mr. Koler cites no legal authority for the proposition that Defendants had an obligation to advise him of the need to timely move to substitute—which would essentially obligate Defendants to provide Mr. Koler with legal advice. In any event, the Notice of Death that Defendants served on

Mr. Koler on July 31, 2015, expressly identifies Federal Rule of Civil Procedure 25(a). (*See* Notice (Dkt. # 46).) Mr. Koler, who acknowledges that he is an attorney licensed to practice law in this state (Mot. to Cont. at 1), is charged with knowledge of the Federal Rules of Civil Procedure regardless of whether he was practicing as an attorney or as a *pro se* litigant at the time he filed his motion to continue. *United States v. 1997 Toyota 4-Runner, VIN # JT3HN87R2V0070456*, No. CR-03-177-N-EJL, 2005 WL 1490366, at *1 (D. Idaho June 22, 2005). The court, therefore, is unmoved by Mr. Koler's or his counsel's attempt to blame their own neglect on Defendants.[5] Nevertheless, the court

---

[5] The court cautions Mr. Koler's counsel that he is expected to know and follow both the Federal Rules of Civil Procedure and the court's Local Rules when practicing in this court. In addition to failing to file a motion for substitution under Rule 25(a) until notified of this requirement by the court's order to show cause, counsel has filed pleadings that do not conform to the court's Local Rules. Specifically, the motions located at docket numbers 63 and 65 do not conform to Local Rule 7(b) (which requires all motions to include the noting date in the caption), and none of Mr. Koler's filings conform to Local Rule 10(e) (which sets forth specific formatting requirements for all court filings). *See* Local Rules W.D. Wash. LCR 7(b), 10(e). In addition, counsel's reply memorandum (Dkt. # 75) exceeds the page limit specified under Local Rule 7(e)(4). *See* Local Rules W.D. Wash. LCR 7(e)(4).

Further, on January 14, 2016, counsel filed a document entitled "PR Request for Decision on 12/10/15 Set Motion for Substitution for Plaintiff." (Request (Dkt. # 78).) In this document, counsel states that he has "not received any pleadings from the court or parties regarding the decision on the motion we noted for 12/10/15 regarding substitution of PR [sic] for deceased plaintiff." (*Id.* at 1.) He further states: "We believe that it is clear that this case should be allowed to proceed through the PR and we respectfully ask the court approve substitution of the PR immediately." (*Id.* at 2.) The filing of this document violates the court's Local Rules. **First**, once again, counsel has filed a document that does not comply with the formatting requirements of Local Rule 10(e). *See* Local Rules W.D. Wash. LCR 10(e). All future filings from counsel must comport with the requirements of Local Rule 10(e). **Second**, the court's Local Rules specify the documents that may be filed in support of or opposition to a motion. *See* Local Rules W.D. Wash. LCR 7(b). The document counsel filed on January 14, 2016, does not fall within with parameters of Local Rule 7(b). **Finally**, the court's Local Rules "encourage[] counsel to *call* the assigned judge's courtroom deputy clerk to verify that a motion is scheduled for determination if a decision on the motion has not been received within *forty-five days* of the noting date." *See* Local Rules W.D. Wash. 7(b)(5) (italics added). Counsel neither called nor

ORDER- 9

recognizes that Mr. Koler was not represented in this proceeding at the time the Rule 25(a) deadline expired and that he is "not a practicing attorney," but rather presently employed as "a procurement agent for Boeing." (*See* Koler Decl. (Dkt. # 66) ¶ 3.) The court further recognizes that Mr. Budigan did not agree to represent Mr. Koler in this matter until after the Rule 25(a) deadline had already expired. (*See id.* ¶ 21.) Although it is a close call, the court does not find that Mr. Koler's reasons for delay warrant the dismissal of this action.

Finally, Defendants offer no evidence that Mr. Koler did not act in good faith. At best, Defendants assert that whether Mr. Koler acted in good faith "is not clear." (Resp. at 5.) The court, however, does not find a lack of good faith. Although Mr. Koler's initial motion to continue the trial date did not serve as a Rule 25(a) motion to substitute, it was an attempt—however flawed—to place Defendants on notice of his desire to continue the litigation following Mr. Gravelle's death. (*See* Mot. to Cont. at 2 (stating that "[t]he executor . . . of Perry Gravelle [sic] estate . . . needs time to hire another attorney to represent Plaintiff in this lawsuit and bring eth [sic] new attorney up to speed before trial.").) Further, Mr. Koler testifies that his failure to timely file a Rule 25(a) motion was "not intentional, not part of any strategy, or done to delay litigation or the

---

waited for forty-five days after the December 10, 2015, noting date of his motion to contact the court. Instead, he filed an improper document.
    The court cautions counsel that his continued failure to abide by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington may result in the imposition of sanctions.

ORDER- 10

trial." (Koler Decl. ¶ 26.) Although his actions may have been neglectful, the court does not find that Mr. Koler acted in less than good faith.

For the reasons set forth, the court finds that Mr. Koler's failure to timely file a Rule 25(a) motion for substitution was due to excusable neglect. Accordingly, the court GRANTS Mr. Koler's motion for additional time to file his motion pursuant to Rule (6)(b) and further GRANTS his Rule 25(a) motion to substitute as Plaintiff for the decedent.

### B. Discovery and the Case Schedule

Mr. Koler also asks the court to reopen discovery and provide a new case schedule. (Mot. for Disc.) Defendants oppose reopening discovery. (Resp. at 5-6.) Defendants assert that Mr. Gravelle was represented by counsel, who had the opportunity to conduct discovery, and that both the expert witness disclosure and discovery deadlines had passed at the time of Mr. Gravelle's death. (*Id.* at 5 (citing Sched. Ord. (Dkt. # 21) & Notice).) Indeed, Defendants had filed motions for summary judgment and the parties had fully briefed those motions prior to Mr. Gravelle's death. (*See* Dkt. ## 30-45.) Defendants assert that Mr. Koler, therefore, is "not entitled to additional time to prepare or submit additional briefing." (Resp. at 5-6.)

The court agrees with Defendants that discovery concerning issues of liability is closed and should remain so. There may, however, be issues that warrant additional discovery concerning Mr. Gravelle's death, the substitution of Mr. Koler as a representative of Mr. Gravelle's estate, and how those events may relate to damages in this matter. The court will permit additional discovery related to these issues only.

Accordingly, the court will reopen discovery for 60 days commencing on the day this order is filed. The court reiterates, however, that such discovery is limited to the issues identified above concerning Mr. Gravelle's death, Mr. Koler's substitution, and the effect, if any, these events may have on damages.

The court also agrees with Defendants that additional briefing concerning the summary judgment motions is not warranted. The deadline for dispositive motions passed prior to Mr. Gravelle's death (*see* Sched. Ord. at 1), and he was represented by counsel at the time. Defendants' motions pertain solely to Defendants' liability. (*See* Dkt. ## 30-45.) Defendants did not raise issues concerning damages except insofar as they argued that they were not liable to Mr. Gravelle at all. (*See id.*) Thus, the additional discovery concerning damages that will take place during the next 60 days, if the parties deem it necessary, is not relevant to these motions. Accordingly the court will not permit the parties to file any additional briefing on Defendants' motions for summary judgment.

The court, therefore, permits Defendants to file a notice alerting the court and Mr. Koler that they are re-noting their motions for decision by the court. (*See* 7/22/15 Order (Dkt. # 47) at 4.) If they chose to file such a notice, Defendants must file it no later than 60 days from the date that this order is filed, and Defendants should note their summary judgment motions at least one week from the date the notice is filed. The court will not consider these motions unless Defendants file a notice indicating that they would like the motions re-noted on the court's calendar. If Defendants decide to re-note their motions, the court will consider those motions based on the briefing and evidence presently on file on the docket (*i.e.*, Dkt. ## 30-45). In addition, because the deadline for dispositive

motions passed prior to Mr. Gravelle's death, the court will not permit the parties to file any additional dispositive motions.

The court, however, will set a new trial date and other related case schedule deadlines including deadlines for (1) motions related to the damages discovery the court has reopened; (2) a settlement conference, (3) motions in limine, (4) an agreed pretrial order, (5) a pretrial conference, and (6) trial briefs, proposed voir dire, and jury instructions. The court will issue a separate order setting forth these dates based on the new discovery cutoff set forth in this order.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS Mr. Koler's Rule 6(b) motion to enlarge the time for the filing of his Rule 25(a) motion and also GRANTS his motion to substitute as Plaintiffs for the decedent (Dkt. # 65). The court GRANTS in part and DENIES in part Mr. Koler's motion for a new case schedule and to reopen discovery (Dkt. # 63), as discussed above.

Dated this 15th day of January, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 13